## SMITH v. ÆTNA LIFE INS. CO. et al.

Civ. No. 9250.

United States District Court
E. D. New York.

Jan. 19, 1949.

Arthur J. Brothers, of New York City, for plaintiff.

Daniel Miner, of New York City, for Aetna Life Ins. Co.

Ganson J. Baldwin, of New York City, for Connecticut General Life Ins. Co.

Johnson, Koch & Robison, of New York City, for Glens Falls Indemnity Co.

BYERS, District Judge.

These are cross-motions in which ruling is required respecting plaintiff's interrogatories Nos. 10, 11, 12 and 13, as follows:

The defendant companies (they will be treated as one and called the defendant) object in toto to interrogatory No. 12, "in so far as it relates to investigations, reports, memoranda or statements made or obtained by its attorney, * * *" in the course of his professional duties touching litigation between the parties, "or to the identity and activities of the persons who assisted him".

The cross-motion of the plaintiff calls upon the defendant to elaborate upon their answers to interrogatories Nos. 10, 11 and 13, as specified in the Notice of Motion.

The action was brought to recover weekly indemnities under accident policies, of $50.00, $100.00 and $50.00, respectively, alleged to be payable to the plaintiff because of continuing disability on his part arising from an accident to him on September 7, 1945, when he says he was struck on the head by a falling electric fan; he alleges that he was in the act of performing professional services as a physician at the time, and avers that the bodily injury, so occasioned, disabled him from performing the duties of his calling, and from engaging in any occupation, and that he believes the disability to be permanent.

The action was instituted in the Supreme Court of this State, and removed to this Court by reason of diversity of citizenship, on July 27, 1948.

The defences pleaded, briefly summarized for present purposes, are:

1. That the application for a given policy was in writing, and falsely stated that the applicant was not at the time suffering, and had never suffered, from any disease of brain or nervous system.

2. That the policy did not cover disability caused "directly or indirectly by disease, whether the disease or infection is the primary, proximate or contributing cause * * *".

3. That the disability complained of, if existing, was caused by a disease of the plaintiff's brain or nervous system.

It appears that the policies were applied for and issued on or about September 15, 1942, as to two; and October 15, 1942, as to the third.

■ Since in this connection the defendant relies upon a disease of the brain or nervous system as alleged, on the part of the plaintiff, to defeat his claim for disability, it is clear that he is entitled to discovery to enable him to prepare to meet that issue upon the trial; that is to say: a statement, in the most precise form in which it can be couched, of what he is to be confronted with, in order that he may adequately prepare to take up the gage.

To that end, interrogatory No. 10 asks for a statement of the nature of the alleged disease of brain or nervous system, or "departures from good health" referred to in the answer, with details as to medical terms by which such are commonly known; when he was first afflicted; progress at time of application; names and addresses of attending physicians if any are said to have been consulted, with dates of treatment.

The propriety of that interrogatory is not challenged.

The answers thereto are similar and to the effect that plaintiff was suffering from a disease or diseases of the brain or nervous system, "symptomized by extreme nervousness and neurotic tendencies, and an abnormal way of life, the basic diagnosis of which is not known to this defendant".

Also, that the disease or diseases "included a neurotic condition and abnormalities of the brain or nervous system, causing excessive nervousness and other abnormalities, the exact nature of which is unknown to this defendant".

That the condition had progressed to a marked degree at the time of the application, otherwise the defendant does not know when the plaintiff first became afflicted, or names of physicians who might have attended him, or dates of treatment.

■ It seems to me that the plaintiff is entitled to a more complete answer in respect of the matters quoted, since the defendants refuse either to give the asserted condition a name, or otherwise to indicate the "basic diagnosis", whatever that means; the plaintiff is entitled to know at least what the alleged manifestations of the condition were, or are believed to have been. Such information would enable the plaintiff to undertake to show (a) that there were no such manifestations, or (b) if there were, that they were not symptomatic of brain or nervous disease. The latter, of course, would be a subject of expert testimony, and he is entitled to know in advance of trial, whether he is required to provide himself with a witness who is competent to testify on the subject.

It would seem that so much of plaintiff's motion should be granted at this time. If the answers are sufficiently informing, it may be that the defendants' failure to answer the 11th interrogatory will not have to be passed upon, because it may be withdrawn. It will be time enough to decide that when compliance has been had with the order to be entered hereon.

■ As to interrogatory No. 12, the same remark applies. If, as the result of a more complete answer to No. 10, it still seems to be necessary to consider the subject-matter of this query, the opportunity will be available, but, in general, any such disclosure would be confined to a given individual and incident, if allowed at all, about which no conjecture is presently to be indulged.

As to interrogatory No. 13, the answer is unqualifiedly in the negative as to the defendants Glens Falls and Aetna, and the same answer is attributed to the defendant

Connecticut General. If I am in error as to this, a prompt opportunity for correction will be had. I know of no way to compel these defendants to change or expand their present answers.

Settle order granting plaintiff's motion to the extent indicated, i. e., the alleged manifestations are to be stated in factual guise as to approximate time, place, person or persons believed to be present, and the nature of the plaintiff's actions, statements, or other conduct, which together or separately would constitute the basis of a competent hypothetical question designed to elicit the possible presence of a disease of the brain or nervous system; its nature and apparent duration; and its relationship to such disability as the plaintiff alleges.

Otherwise decision will be reserved as to plaintiff's cross-motion concerning interrogatory No. 11, and the motion will be denied as to interrogatory No. 13.

Decision as to the defendants' objection to interrogatory No. 12 will be reserved, pending compliance with the order herein respecting an amplification of the answers to interrogatory No. 10.

Settle order on notice.